WARREN K. BRADLEY, PLAINTIFF-RESPONDENT, v. EPHRAIM G. SHREVE, DEFENDANT-APPELLANT.

Submitted January term, 1928—Decided July 7, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Thompson & Hanstein.*

*Contra, William I. Garrison* and *Oscar LeWine.*

PER CURIAM.

This is defendant's rule for new trial. The reasons urged for making it absolute are that the trial judge should have granted a nonsuit or directed a verdict for the defendant; that the verdict was against the weight of the evidence; that the court erred in permitting certain questions to be asked of a witness for the defendant and in reading to the jury a portion of the Traffic act.

The case grew out of an accident on the White Horse pike, near Atco. Plaintiff, driving north toward Philadelphia, ran into the rear end of defendant's truck which had run out of gas and was parked on the side of the road on which it had been proceeding. The crux of the case turned on whether there was a light on the truck giving warning of its presence, and on this point there was substantial evidence to support the plaintiff's contention. It seems to us quite clear, therefore, that the case could not be controlled by nonsuit or direction, and we are not prepared to say that the jury's finding was against the weight of the evidence.

The questions asked on cross-examination of the driver of the truck as to what measures' he took to warn the traveling public of the presence of the truck on the road were not objectionable, and we find no merit in the final reason urged that the judge erred in reading to the jury that portion of the statute regarding lights on standing vehicles.

The rule for new trial is discharged.